IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Heller, | ) | Case No.: 5:23-cv-3456-JD-KDW |
|         Petitioner, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| Warden of Kershaw Correctional Institution,[1] | ) | |
|         Respondent. | ) | |

      This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[2] (DE 40.) Petitioner Christopher Heller ("Petitioner" or "Heller") filed a Petition for habeas corpus relief action under 28 U.S.C. § 2254 against Respondent Warden of Kershaw Correctional Institution ("Respondent" or "Warden") following the denial of Heller's applications for post-conviction relief.[3] (DE 1, p. 1.)

---

[1]    Petitioner initially filed the Petition against the State of South Carolina. However, the Magistrate Judge directed the Clerk of Court to terminate the State of South Carolina as a respondent in this action and to add the Warden of Lee Correctional Institution as a respondent because "[a] prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). (*See* DE 8.) Because Petitioner was subsequently transferred to Kershaw Correctional Institution, this Court directed the Clerk of Court to terminate the Warden of Lee Correctional Institution as the respondent and to add the Warden of Kershaw Correctional Institution as a respondent. *See* (DE 42); *see also* https://public.doc.state.sc.us/scdc-public/ (enter Petitioner's first and last name and select "phonetic match")(last visited Aug. 8, 2024).

[2]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[3]    Heller is currently serving concurrent sentences of life imprisonment for murder and twenty years imprisonment for assault and battery with intent to kill. (DE 1, p. 1.)

The Report was issued on July 23, 2024, recommending that Respondent's Motion for Summary Judgment (DE 33) be granted and the Petition be denied. On August 6, 2024, Petitioner objected to the Report. (DE 41.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003). Absent specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner raises two objections to the Report. First, Petitioner objects "to the Magistrate's conclusion that Heller has failed to demonstrate prejudice during his PCR proceedings," when "trial counsel failed to make a contemporaneous motion for mistrial [after a witness voluntarily mentioned Heller was on parole at the time of the incident], and the Court of Appeals ruled that trial counsel's failure to contemporaneously move for a mistrial constituted a waiver of this claim for direct appeal purposes." (DE 41, pp. 1-2.) Second, Petitioner "objects to the Magistrate's conclusion that Ground Two is not properly before the Court," wherein Ground Two relates to Heller's trial counsel contemporaneously objecting to an essential witness's voice identification

2

of Heller but failing to state precisely why the identification would be inadmissible, which prejudiced Heller at trial.

The Magistrate Judge comprehensively and ably addressed both arguments in the Report. As to the objection to the trial reference to Heller being on parole, the Magistrate Judge noted:

> The PCR court found Petitioner had to show, to be entitled to relief on this claim, that his ineffective assistance mistrial claim was meritorious and would have resulted in a reversal on appeal to a reasonable probability. The PCR court found trial counsel's failure to preserve this issue did not result in any prejudice to Petitioner. The PCR court explained it was not reasonably likely Petitioner would have prevailed on appeal as to this issue.  The PCR court found Petitioner failed to show the denial of his motion for mistrial was an abuse of the trial court's discretion.  The PCR court cited to South Carolina case law that found a curative instruction to disregard testimony cures the error and noted the trial court sustained trial counsel's objection to the parole testimony and gave a curative instruction to the jury to disregard the testimony. *Id*. The PCR court further explained Petitioner was not prejudiced by counsel's performance noting evidence of Petitioner's criminal history was admitted later in the trial after Petitioner testified.

(DE 40, p. 40) (internal citations omitted.)  As to Heller's voice identification at trial, the Report stated:

> Petitioner has also not shown by clear and convincing evidence that the court reached an unreasonable factual determination of this issue given the evidence and record before it. The undersigned finds the trial transcript supports the Court of Appeals denial of Petitioner's claim that he was entitled to a *Neil v. Biggers* hearing on Risinger's voice identification. As noted by the Court of Appeals, a *Biggers* hearing was not required as Risinger's voice identification was done for the first time in court, and Petitioner did not argue the identification was suggestive or in any way tainted by a previous, illegal identification or confrontation. Although Petitioner now argues Risinger's voice identification may have been tainted by her identification of Petitioner in an out-of-court photo lineup, this argument was not raised at trial or in Petitioner's direct appeal. This claim is therefore not properly before the court. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

(DE 40, p. 47.)  Petitioner's objections merely restate arguments raised in opposition to summary judgment, the Report adequately addressed the arguments, and the objections are overruled.

3

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 40) and incorporates it here by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 33) is granted and the Petition (DE 1) is denied. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 12, 2024

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.